IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
5:09-MD-1500
4:09-CV-51-BR

| MELVIN ANDREWS, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| DOLGENCORP, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND RELEASE OF CLAIMS

This Confidential Settlement Agreement and Release of Claims (the "Agreement") is entered into by and between Plaintiff Melvin Andrews ("Andrews" or "Plaintiff") and Defendant Dolgencorp, Inc. (referred to herein as "Defendant" or "Dollar General"). Plaintiff and Defendant are collectively referred to herein as the "Parties."

WHEREAS, Plaintiff was previously employed by Dollar General;

WHEREAS, disputes have arisen between Plaintiff and Defendant relating to the Plaintiff's employment and separation therefrom, including Plaintiff's action against Defendant now in the United States District Court for the Eastern District of North Carolina, in a case styled, *Melvin Andrews v. Dolgencorp, Inc.*, Civil Action No. 4:09-cv-51-BR (the "Litigation"), alleging violations of the Fair Labor Standards Act (FLSA) including but not limited to allegations that Plaintiff was entitled to overtime wages because Plaintiff was misclassified as an executive exempt employee when Plaintiff was employed as a Store Manager, among other things;

WHEREAS, Plaintiff and Defendant desire to compromise, settle, and forever resolve and dispose of their outstanding controversies and claims;

WHEREAS, all words used in this Agreement will have their plain meaning in ordinary English; and

NOW, THEREFORE, in consideration of the foregoing and promises and other consideration contained hereinafter, the Parties agree as follows:

## I.

Dollar General agrees to pay to Plaintiff the total gross settlement amount of One Thousand One Hundred and No/100 Dollars ($1,100.00) as follows: (1) a check in the amount of One Thousand One Hundred and No/100 Dollars ($1,100.00) less applicable withholdings, for alleged back pay damages, made payable to Melvin Andrews, the receipt and sufficiency of which is hereby acknowledged, as a full and complete settlement of any and all of Plaintiff's claims encompassed or referred to in this Agreement or the Litigation.

Moreover, Plaintiff acknowledges that Plaintiff's attorneys,[1] will be separately paid an amount for attorneys' fees related to Plaintiff's claims, and in accordance with Plaintiff's agreements with Plaintiff's Attorneys, as compensation for their representation of Plaintiff in this Litigation, the payment of which Plaintiff acknowledges as additional consideration for the settlement of Plaintiff's claims in this Litigation. Plaintiff acknowledges that this Agreement is

---

[1] "Plaintiff's Attorneys" are defined to include the law firm of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., law firm of Schreiber & Petro, P.C., and any other affiliated attorneys related to this Litigation and/or the claims released by this Settlement Agreement and Release of Claims, along with all of their agents, representatives, and employees, including all individual attorneys and firms of record that have made appearances in the course of this Litigation on behalf of Plaintiff, who represented Plaintiff in this Litigation, and/or anyone else suing Defendant on behalf of Plaintiff in connection with the prosecution of claims for unpaid wages or other damages against Defendant, and/or any attorney who is related, pursuant to any current or former joint representation agreement or other arrangement with Plaintiff's attorneys of record, the claims released by this Settlement Agreement and Release of Claims. Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. agrees to indemnify Released Parties herein from any claims for fees, expenses, or costs, brought by any person or firm based upon the representation of Plaintiff in Plaintiff's claims against Released Parties as made the basis of the Litigation and/or this Settlement Agreement and Release of Claims.

to be kept confidential. Plaintiff will not be privy to the terms of any other plaintiff's settlement agreement, nor will the terms of Plaintiff's individual Confidential Settlement Agreement and Release of Claims be disclosed to any other individual plaintiff.

Plaintiff has agreed, in return for these and other mutual promises, to the dismissal with prejudice of any and all claims Plaintiff has, or may have had, in the Litigation or otherwise against Dollar General and any entity related to Defendant, and to the other promises made by Plaintiff contained herein.

Plaintiff and Plaintiff's Attorneys further agree that the settlement proceeds related to this Agreement will not be distributed to Plaintiff or Plaintiff's Attorneys, although Plaintiff's Attorneys shall hold all settlement checks until the signatures of the Parties to this Agreement have been obtained and Plaintiff's Attorneys have executed and the Court has entered the Order Granting the Joint Motion to Approve the Settlement and an agreed order of dismissal providing for the dismissal of the Litigation with prejudice as to Plaintiff in this Litigation. Attached hereto as Exhibit A is a copy of a Joint Motion to Approve the Settlement, Agreed Stipulation, and dismissal documents that must be submitted to and approved by the Court to finalize this Agreement so as to permit Plaintiff's Attorneys to disburse the settlement proceeds related hereto. The Parties will present to the Court notice that the claims by Plaintiff have been resolved by a settlement of reasonable and due value. Should disclosure of the terms of this Agreement, or the settlement amounts set forth herein or otherwise, be required to the Court, the same will be submitted under seal or for in-camera inspection. Moreover, this Agreement will be void if the settlement documents for Plaintiff are not executed by Plaintiff and Plaintiff's counsel, and settlement is not approved by the Court.

## II.

In exchange for the consideration set forth above in Paragraph I. and other good and sufficient consideration set forth herein, Plaintiff, for and on behalf of Plaintiff individually and Plaintiff's heirs, executors, trustees, administrators, representatives, spouses, and assigns, if any, hereby fully, finally, completely, and forever releases, discharges, acquits, and relinquishes Dolgencorp Inc. and its predecessors, successors, parent entities, subsidiaries, sister entities, partners, related or affiliated companies, attorneys, officers, directors, employees, former employees, agents and assigns (collectively the "Released Parties"), jointly and/or severally, from any and all claims, actions, demands, liabilities, and/or causes of action of whatever kind or character, joint or several, whether now known or unknown, asserted or unasserted, under any federal or state statute and common law, including, but not limited to, the Fair Labor Standards Act ("FLSA"); Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991; 42 U.S.C. § 1981; the Americans with Disabilities Act; the Family and Medical Leave Act of 1993; the Age Discrimination in Employment Act ("ADEA"); the Equal Pay Act ("EPA"); the Lilly Ledbetter Fair Pay Act of 2009; the Employee Retirement Income Security Act of 1974; the North Carolina Wage and Hour Act, N.C. Gen. Stat. Sec. 95-21.1, *et seq.*; Retaliatory Employment Discrimination Act, N.C. Gen. Stat. Sec. 95-240, *et seq.*; Wrongful discharge in violation of public policy, including but not limited to the public policy set forth in the North Carolina Equal Employment Opportunity Act, N.C. Gen. Stat. Sec. 143-422.1, *et seq.*; the Retaliatory Employment Discrimination Act, N.C. Gen. Stat. Sec. 95-240, *et seq.*; the North Carolina Persons With Disabilities Protection Act; the State Personnel Act; claims arising out of or connected with sections 7B-2705, 9-32, 95-28.1, 95-28.2, 95-28.3, 95-28.1A, 95-81 - 83, 95-194(c), 95-195(b), 95-196, 95-208, 95-270, 108A-70.10, 126-85 - 86, 127B-11-14, and 130A-148(i) of the North Carolina General Statutes; or any other claim, regardless of the forum in

which it might be brought, if any, arising from or in any way connected with Plaintiff's employment with Dollar General, wages earned/and or paid to Plaintiff, and the separation or termination of Plaintiff's employment with Dollar General, including any claim of negligence, physical or bodily injury, mental anguish, discrimination, retaliation, wrongful termination, breach of contract (express or implied), quantum merit, tortious interference with business relationships, fraud, assault, battery, defamation, slander, libel, violations of public policy, intentional infliction of emotional distress, and/or tortious conduct, including all claims that were or could have been brought in the Litigation, which Plaintiff has, might have, or might claim to have against the Released Parties, or any of them individually, for any and all injuries, harm, damages, penalties, costs, losses, expenses, attorneys' fees, and/or liability or other detriment, if any, whenever incurred, suffered, or claimed by Plaintiff in the Litigation or otherwise as a result of any and all acts, omissions, or events by the Released Parties, collectively or individually, through the date of this Agreement.

### III.

Plaintiff hereby acknowledges that Plaintiff knowingly and voluntarily enters into this Agreement with the purpose of waiving and releasing any claims Plaintiff may have under the Age Discrimination in Employment Act of 1967 ("ADEA"), and as such, Plaintiff acknowledges and agrees that:

    (1)    this Agreement is written in a manner which Plaintiff fully understands;

    (2)    Plaintiff specifically waives any rights or claims arising under the ADEA;

    (3)    this Agreement does not waive rights or claims under the ADEA that may arise after the date this Agreement is executed;

(4) the rights and claims waived in this Agreement are in exchange for consideration over and above anything of value to which Plaintiff is already entitled; and

(5) Plaintiff has been advised in writing to consult with Plaintiff's attorney prior to executing this Agreement, and has, in fact had an opportunity to do so.

(6) Plaintiff has been given a period of twenty-one (21) days within which to consider this Agreement;

(7) Plaintiff acknowledges that Plaintiff has a period of seven (7) days within which Plaintiff can revoke this Agreement as it relates to Plaintiff's age discrimination claims, and the Agreement shall not be effective related to Plaintiff's age discrimination claims until the seven-day revocation period has been exhausted; and,

(8) If the Plaintiff elects to revoke Plaintiff's waiver of age discrimination claims, revocation should be in writing and presented to Rhonda Taylor, Vice President, Assistant General Counsel, Dollar General Corporation, 100 Mission Ridge, Goodlettsville, Tennessee 37072-2170.

## IV.

Plaintiff agrees to dismiss with prejudice all claims or charges of any kind whatsoever under any federal or state statute or common law, which Plaintiff has filed against any and all of the Released Parties with any state or federal court, agency, or department, including but not limited to, the Litigation. Plaintiff hereby authorizes Plaintiff's Attorneys to execute on Plaintiff's behalf any and all stipulations, motions or other documents to effectuate same. Plaintiff hereby covenants and promises that, except as may be provided herein, Plaintiff will not file any additional claims or lawsuits against the Released Parties, or any of them, for any alleged acts, omissions, and/or events, whether now known or unknown, which have or may have

occurred prior to the date of execution of this Agreement by Plaintiff.

Plaintiff further agrees that any and all sums paid or provided to Plaintiff in consideration for this Agreement will be forfeited and become immediately due and payable to Dollar General in the event Plaintiff asserts any claim, demand, or cause of action, including any cause of action for indemnity and contribution or third-party action, arising out of, resulting from, or in any way related to any of the claims encompassed within this Agreement, or any action to set aside, invalidate, or void this Agreement, except as a result of Dollar General's breach of this Agreement. Plaintiff further agrees that a breach of the covenant set forth in this paragraph will entitle Dollar General and/or Released Parties to a full recovery in an action for damages, including, but not limited to, recovery of its or their costs, expenses, and attorneys' fees for investigation, prosecution or defense of any action brought in breach of this covenant as allowed by law. Such recovery of monies shall not otherwise affect the enforceability of this Agreement or of other individual promises contained in this Agreement.

Nothing in this Agreement shall limit Plaintiff's right to communicate with the EEOC or other investigative agency (including, but not limited to, asserting a complaint therewith), or participate in an investigation or proceeding conducted by the EEOC or other investigative agency, or is intended to interfere with or deter a right to challenge the waiver of an ADEA claim. This Agreement does, however, waive and release any right by Plaintiff to recover damages under any civil rights statutes with respect to any claim released hereby or arising out of Plaintiff's employment with Dollar General. And, any challenge to the waiver of an ADEA claim will not affect the validity of the release of any other claims covered by this Agreement.

V.

Plaintiff has been represented, in part, by Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. ("Beasley Allen") and Schreiber & Petro, P.C. ("Schreiber & Petro"). Beasley Allen

acknowledges that it has authority to negotiate on behalf of and bind all of Plaintiff's Attorneys related to this Litigation and the claims released by this Settlement Agreement and Release of Claims. By signature to this Agreement, Beasley Allen acknowledges that all claims for attorneys' fees, costs, or other recoverable expenses that Beasley Allen (including, but not limited to attorneys Jere L. Beasley, Wilson Daniel Miles, III, Roman A. Shaul, and Lance Gould) may hold independently against the Released Parties, or any of them, as counsel for Plaintiff are satisfied by the consideration paid, and Beasley Allen, on its behalf and the behalf of Plaintiff's Attorneys, hereby releases any claims they have or might have against the Released Parties, or any of them, for all such monies.

Plaintiff and Plaintiff's Attorneys also acknowledge that no other attorney or firm not associated with or in joint-representation with Plaintiff's Attorneys has represented Plaintiff in connection with the Litigation. Plaintiff hereby represents and warrants that Plaintiff has full authority to release all claims associated with the Litigation and Plaintiff's claims therein, and that Plaintiff has not assigned or otherwise transferred to any other person or entity (other than Plaintiff's agreement with Plaintiff's Attorneys whose claims, if any, are fully and finally satisfied by this Agreement) any interest in any claim, demand, recovery, settlement proceeds, action and/or cause of action Plaintiff has, may have, or may claim to have against any Released Party. Plaintiff agrees to indemnify and hold harmless the Released Parties from any and all injuries, harm, damages, costs, losses, expenses, and/or liability, including reasonable attorneys' fees and court costs, incurred as a result of any claims or demands which may hereafter be asserted against any Released Party by, through, or by virtue of an assignment or other transfer by Plaintiff and/or assignment to any of Plaintiff's Attorneys.

Further, Plaintiff's Attorneys represent and warrant that they have full authority to release all claims for attorneys' fees, costs and expenses incurred by Plaintiff and Plaintiff's Attorneys as associated with the Litigation, and related to Plaintiff's claims therein, and that they have full authority to negotiate a settlement amount to be designated as attorneys' fees, costs, or expenses on behalf of Plaintiff's Attorneys, and that there is no interest in attorneys' fees, costs, or expenses on behalf of Plaintiff related to this Litigation that they do not represent. Further Plaintiff's Attorneys represent and warrant that they have not assigned or otherwise transferred to any other person or entity any interest in any claim, demand, recovery, settlement proceeds, action and/or cause of action they have, may have, or may claim to have against any Released Party that are not settled by this Agreement. Beasley Allen agrees to indemnify and hold harmless the Released Parties from any and all injuries, harm, damages, costs, losses, expenses, and/or liability, including reasonable attorneys' fees, court costs, and expenses incurred as a result of any claims or demands which may hereafter be asserted against any Released Party by, through, or by virtue of a right to ownership, an assignment or other transfer by Plaintiff's Attorneys of the attorneys' fees, costs, and expenses that may be recovered based upon Plaintiff's claims in this Litigation.

## VI.
## CONFIDENTIALITY BY PLAINTIFF

(a) As an essential and material consideration to the payment of sums pursuant to this Agreement, Plaintiff represents and agrees that Plaintiff has not as of the date of this Agreement, and will not in the future, disclose this Agreement, its terms and conditions, the settlement amount received by Plaintiff, or allude to any settlement range or description thereof, to any third person, entity, or government organization and that all such matters shall remain strictly confidential and shall not be disclosed or alluded to in any manner, except as provided in

subparagraph VI.(b), other than to Plaintiff's spouse (if any), accountants, the IRS, and/or Beasley Allen and Schreiber & Petro, P.C. (the "Authorized Persons"). It is agreed that a breach of these covenants through disclosure to a person to whom disclosure is not permitted shall constitute a breach of this entire Agreement. Further, Plaintiff agrees that any Authorized Person to whom this Agreement or its terms are disclosed shall be shown this paragraph and instructed to comply with its terms. Disclosure of this Agreement or its terms to any unauthorized person by an Authorized Person shall constitute a breach by Plaintiff. Plaintiff further represents that Plaintiff has not already disclosed this Agreement or its terms and conditions to any third person, other than possibly those persons described above and that, in such an event, they have advised them of this covenant. Plaintiff also agrees that in the event that Plaintiff learns the settlement amount related to any plaintiff with similar claims against Dollar General, Plaintiff will not disclose that information to any third parties.

Further, Plaintiff agrees that Plaintiff nor Plaintiff's agents will, either by name or anonymously, post any comment about the resolution of this case or rulings in this case on any internet chat room, forum, blog, bulletin board, or other public domain.

Plaintiff agrees that these confidentiality covenants are an integral part of the consideration herein, and Plaintiff specifically agrees that any disclosure in breach of this Agreement to any unauthorized person or in any public forum will result in Plaintiff owing payment to Dollar General in the amount of twenty-five percent (25%) of Plaintiff's total gross settlement amount (as defined in Paragraph I., above), as liquidated damages for the inherent harm caused by such breach. Such recovery of monies shall not otherwise affect the enforceability of this Agreement or of other individual promises contained in this Agreement.

(b) Except as noted in subparagraph VI.(a), the only authorized communication by Plaintiff relating to the settlement of the lawsuit to any third person, without written approval by Dollar General, will be the statement that "the matter had been resolved."

(c) This provision is not intended to impose upon Plaintiff the obligation to resist a court order, government order, or subpoena mandating disclosure of this Agreement or its terms. However, if this Agreement is intended to be offered for any purpose or pursuant to any compelled production, Plaintiff agrees to notify Dollar General in writing at least ten (10) business days in advance of the production of the Agreement to permit Dollar General to file protective motions, as necessary. Plaintiff agrees to notify Dollar General as follows: Attention: Rhonda Taylor, Vice President, Assistant General Counsel, Dollar General Corporation, 100 Mission Ridge, Goodlettsville, Tennessee 37072-2170.

## VII.
### CONFIDENTIALITY BY PLAINTIFF'S ATTORNEYS

(a) As an essential and material consideration to the payment of sums pursuant to this Agreement, Plaintiff's Attorneys agree that they have not as of the date of this Agreement, and will not in the future, disclose this Agreement, its terms and conditions, the settlement amount received by Plaintiff or Plaintiff's Attorneys, or allude to any settlement range or description thereof, to any third person, any entity, any other plaintiff with claims against Dollar General, or any government organization and that all such matters shall remain strictly confidential and shall not be disclosed or alluded to in any manner, except as provided in subparagraph VII.(b), other than to the Principals of Plaintiffs' Attorney's firms and necessary accounting staff within such law firms. Plaintiff's Attorneys will further notify the members of their firm who are allowed to learn of this Agreement, and of their obligation to comply with it. It is agreed that a breach of these covenants through disclosure to a person to whom disclosure is not permitted shall

constitute a breach of this entire Agreement. Disclosure of this Agreement or its terms to any unauthorized person by any person associated with Plaintiff's Attorneys shall constitute a breach by Plaintiff's Attorneys. Plaintiff's Attorneys further represent that they have not already disclosed this Agreement or its terms and conditions to any third person, other than Plaintiff.

Further, Plaintiff's Attorneys agree that neither they nor any of their agents will, either by name or anonymously, post any comment about the resolution of this case or rulings in this case on any internet chat room, forum, blog, bulletin board, or other public domain.

Further, Plaintiff's Attorneys are prohibited from advertising or publicizing the result of this case in any formal or informal communication, whether by specific reference to Defendant or related entities, or otherwise, with the public, including but not limited to: on any Beasley Allen website, any Schreiber & Petro, P.C. website, or other attorney-sponsored website or internet forum; on or in any Beasley Allen newsletter, or any Schreiber & Petro, P.C. newsletter, or other attorney-sponsored publication.

Further, Plaintiff's Attorneys may not say that they settled or resolved the case except as provided below. Plaintiff's Attorneys may not explain the result, or any ruling in the case, except that the claims asserted by Plaintiff "have been resolved." This is the only approved communication about the Agreement and underlying settlement, and Plaintiff's Attorneys cannot inform other litigants who are currently or will become involved in lawsuits against Defendant of the existence of or the terms of this Agreement, or the Settlement Amount.

Plaintiff's Attorneys agree that the confidentiality covenants related to Plaintiff are an integral part of the consideration herein, and Plaintiff's Attorneys specifically agree that any disclosure in breach of this Agreement to any unauthorized person or in any public forum will result in Plaintiff's Attorneys owing payment to Dollar General in the amount of twenty-five

percent (25%) of Plaintiff's Attorney's total gross amount received as attorney's fees, costs, or expenses, pursuant to this Litigation and pursuant to their representation of Plaintiff, as liquidated damages for the inherent harm caused by such breach, and any such breach shall bar Plaintiff's Attorneys from representing other plaintiffs, claimants, or employees against the Released Parties. Such recovery of monies shall not otherwise affect the enforceability of this Agreement or of other individual promises contained in this Agreement.

(b) This provision is not intended to impose upon Plaintiff's Attorneys an obligation to resist a court order, government order, or subpoena mandating disclosure of this Agreement or its terms. However, if this Agreement is intended to be offered for any purpose or pursuant to any compelled production, Plaintiff's Attorneys agree to notify Dollar General in writing at least ten (10) business days in advance of the production of the Agreement to permit Dollar General to file protective motions, as necessary. Plaintiff's Attorneys agree to notify Dollar General as follows: Attention: Rhonda Taylor, Vice President, Assistant General Counsel, Dollar General Corporation, 100 Mission Ridge, Goodlettsville, Tennessee 37072-2170.

## VIII.

Plaintiff acknowledges and agrees that by signing this Agreement, Plaintiff is voluntarily giving up any right Plaintiff may have to employment or re-employment with Dollar General and/or Released Parties and that it is fair and just under the circumstances that Plaintiff is taken out of their labor pool forever. Plaintiff further agrees not to seek employment or re-employment with Dollar General or Released Parties at any time and in any capacity in the future. Dollar General is entitled to reject without cause or recourse any application for employment made by Plaintiff and to terminate, *ab initio*, without cause or recourse, any future employment by Plaintiff.

## IX.

Plaintiff agrees Plaintiff will not make any statements or take any action calculated to be derogatory or harmful to the reputation, business, or affairs of any of the Released Parties as it relates to Plaintiff's employment, separation from employment and the Litigation.

## X.

This Agreement, the offer of this Agreement, and compliance with this Agreement shall not constitute or be construed as an admission by the Defendant or Released Parties, or any of them individually, of any wrongdoing or liability of any kind or an admission of any violation of the rights of Plaintiff, but rather, such liability or wrongdoing is expressly denied. This Agreement shall not be admissible in any judicial, administrative or other proceeding or cause of action as an admission of liability or for any purpose other than to enforce the terms of this Agreement.

## XI.

The Parties agree that the sums paid pursuant to this Agreement and specifically referenced in Paragraph I. herein are in settlement of Plaintiff's claims for all alleged damages. Plaintiff acknowledges and agrees that Dollar General has not made any representations to Plaintiff regarding the tax consequences of any amounts received by Plaintiff pursuant to this Agreement. Plaintiff agrees that Plaintiff shall be solely responsible for payment of all of Plaintiff's personal tax liabilities due on the settlement amount, including federal, state and local taxes, interest and penalties, which are or may become due. Plaintiff agrees to indemnify, defend, and hold harmless the Released Parties from any claims, demands, deficiencies, assessments, executions, judgments, or recoveries by any governmental entity against any of the Released Parties for any amounts claimed due with respect to the payment referenced above in Paragraph I. or pursuant to claims made under any federal or state tax laws, and any costs,

expenses or damages sustained by the Released Parties, or any of them, as a result of the payments referenced above in Paragraph I., including attorney's fees, in the event the Released Parties, or any of them individually, are required to file suit or take other legal action to enforce this paragraph.

## XII.

The Parties agree that the terms of this Agreement are contractual in nature and not merely recitals and shall be governed and construed in accordance with the laws of the State of Tennessee, without regard to conflicts of law. The Parties further agree that should any part of this Agreement be declared or determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, the Parties intend the legality, validity, and enforceability of the remaining parts shall not be affected thereby, and said illegal, invalid or unenforceable part shall be deemed not to be a part of this Agreement.

## XIII.

This Agreement shall be binding upon and the benefits shall inure to Plaintiff and Plaintiff's heirs and to the Released Parties, and their successors and assigns.

## XIV.

Each party hereto represents and warrants that they have full authority to bind the party represented. Moreover, Beasley Allen hereby represents that it has authority to acknowledge the sufficiency of the settlement proceeds for all attorneys and firms that have ever represented Plaintiff in the claims covered by this Agreement, and that no other attorneys have rights not represented by Beasley Allen related to this Agreement and the settlement of all claims herein.

## XV.

No waiver of any of the terms of this Agreement shall be valid unless in writing and signed the party to this Agreement against whom such waiver is sought to be enforced. The

15

DB1/65382622.1

waiver by any party hereto of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach by any party, nor shall any waiver operate or be construed as a rescission of this Agreement.

## XVI.

Plaintiff agrees that in executing this Agreement Plaintiff does not rely and has not relied on any document, representation, or statement, whether written or oral, other than those specifically set forth in this written Agreement. The Parties, including Plaintiff and Plaintiff's Attorneys, agree that this Agreement constitutes the entire agreement between Plaintiff and the Released Parties, and supersedes any and all prior agreements or understandings, written or oral, pertaining to the subject matter of this Agreement. No oral understandings, statements, promises, or inducements contrary to the terms of this Agreement exist. This Agreement cannot be changed or terminated orally, but may be changed only through written addendum executed by the Parties.

## XVII.

The terms of the Agreed Protective Order in place during the course of this Litigation will remain in effect, and Plaintiff and Plaintiff's Attorneys agree to comply with, and not violate, the same in the future.

## XVIII.

This Agreement is the product of arm's length negotiations between the Parties and their counsel, and no party shall be deemed to be the drafter of any provision or the entire Agreement. The wording in this Agreement was reviewed and accepted by all Parties after reasonable time to review with legal counsel, and no Party shall be entitled to have any wording of this Agreement construed against the other Party as the drafter of the Agreement in the event of any dispute in connection with this Agreement.

16

DB1/65382622.1

## XIX.

The Parties declare that the terms of this Agreement have been completely read, are fully understood, and are voluntarily accepted, after complete consideration of all facts and their legal rights, of which they have been fully advised by their respective attorneys for the purpose of making a full and final compromise, adjustment, and settlement of any and all claims, disputed or otherwise, that each may have against the other.

## XX.

IN WITNESS WHEREOF, the Parties have executed this Agreement as follows:

_____
PLAINTIFF MELVIN ANDREWS

Date: 8-8-10

APPROVED AS TO FORM AND SUBSTANCE, INCLUDING BUT NOT LIMITED TO AND SPECIFICALLY AGREED TO, FOOTNOTE 1 AND AS TO PARAGRAPHS: V., VII., XIV. and XVII.

_____
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Attorneys for Plaintiff

Date: _____8·17·10_____


APPROVED AS TO FORM AND SUBSTANCE

_____
Ronald E. Manthey
Joel S. Allen
Melissa M. Hensley
Morgan, Lewis & Bockius LLP
Attorneys for Defendant

Date: _____8.3.10_____