IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
CIVIL ACTION NO. 2:09-CV-00014-BR

| | | |
|---|---|---|
| WANDA BASNIGHT,<br>Plaintiff,<br><br>v.<br><br>DOLGENCORP, INC.,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§ | MEMORANDUM IN SUPPORT OF<br>JOINT MOTION FOR ORDER<br>APPROVING INDIVIDUAL<br>SETTLEMENT<br><br>(FILED UNDER SEAL) |

Pursuant to the Court's May 20, 2011 Order, Defendant Dolgencorp, Inc. files this its Memorandum in Support of Joint Motion for Order Approving Individual Settlement and would show the Court as follows:

## I.
## INTRODUCTION

Plaintiff and Defendant jointly requested that the Court enter a stipulation order approving the individual settlement reached between the Parties. On May 20, 2011, the Court ordered the Parties to submit additional information regarding "the manner of calculation of the amount of any sums payable to plaintiffs, attorneys' fees, and claimed expenses and why such amounts and the manner of their calculation meet the applicable standards for approval." Defendant understands that Plaintiff will submit a separate pleading answering these inquiries, but Defendant wanted to address the amount of potential damages, as Defendant's calculations of potential damages will vary vastly from Plaintiff's calculations, and the same may assist the Court in assessing the reasonableness of the settlements.

## II.
## PLAINTIFFS WILL NOT PREVAIL ON THE MERITS

Plaintiffs were properly classified as exempt employees, and as such, they were fully and properly paid for all of the time that they worked as Store Managers for Dollar General. Thus, Plaintiffs are entitled to *no damages* related to their current claims against Defendant. Thus, any settlement amount Plaintiffs receive is over and above any amount that he or she is owed and entitled to under the Fair Labor Standards Act ("FLSA").

As further support for this position, Defendant submitted "lead" cases for summary judgment, and Judge W. Earl Britt found, as a matter of law, that the Store Managers in question were properly exempt from receiving overtime payment under the FLSA's executive exemption.[1] Defendant anticipates that if it had filed similar dispositive motions related to each of the settled cases they would have met the same fate, and instead of being entitled to damages, they would have had costs awarded against them. Thus, any settlement in which the Plaintiffs receive any monies at all is reasonable when compared to the potential for dismissal on summary judgment.

## III.

## DEFENDANT'S POSITION ON PLAINTIFF'S POTENTIAL RECOVERY EVEN IF PLAINTIFF WERE TO PREVAIL ON THE MERITS

As noted above, Plaintiffs are entitled to *no damages* related to his or her current claims against Defendant. Nonetheless, for the sake of argument, Defendant offers a range of potential damages that might have been claimed by Plaintiffs at trial. Defendant has calculated damages using the fluctuating workweek method as is appropriate related to this case,[2] and based upon a

---

[1] *See* Exhibit B, *Ravas-Houllin v. Dolgencorp, Inc.*, No. 4:09-cv-57-BR (E.D.N.C. January 19, 2011) and *Rogers-Andrews v. Dolgencorp, Inc.*, No. 4:09-cv-58-BR (E.D.N.C. January 19, 2011).

[2] Section 778.114 of the FLSA regulations promulgated by the Department of Labor specifies the appropriate formula for calculating the regular rate of pay and overtime compensation for non-exempt employees. When there is no employment contract specifying the precise number of hours that the weekly salary is meant to compensate—and when the number of weekly hours worked fluctuates—the regular rate for each week is calculated by dividing the weekly salary by the actual number of hours worked in that week. *See Mumbower v. Callicoo*, 526 F.2d 1183 (8th Cir. 1975); *Joseph G. Moretti, Inc.*

two-year statute of limitations.[3] Defendant estimates that if Plaintiffs prevailed at trial (and on the presumed appeal), their potential backpay[4] recovery would be in the ranges as reflected in

---

v. Boogers, 376 F.2d 27 (5th Cir. 1967); see 29 C.F.R. § 778.114(a). Plaintiff's hours fluctuated each week. Thus, to calculate the regular rate of pay, the following formula should be used in accordance with 29 C.F.R. §778.114: weekly salary divided by the number of hours worked in the workweek. Because all hours worked have already been compensated at the straight regular rate under the salary arrangement, according to Section 778.114, "[p]ayment for overtime hours at one-half [the regular rate] in addition to the salary satisfies the overtime pay requirement." Contrary to Section 778.114, Plaintiffs attempt to base their damage calculations on the assumption that Plaintiffs' salaries were intended to cover only 45-hour workweeks. Thus, Plaintiffs will attempt to divide their weekly salaries by 45 hours (instead of the actual number of hours Plaintiffs worked in a week) to determine the regular rate of pay. Plaintiffs will then try to improperly determine that they were entitled to an additional 1½ times that regular rate for each hour worked over 40 (instead of the ½ times the regular rate required by Section 778.114). This calculation is not consistent with the FLSA regulations, and thus damage calculations based upon this method should be disregarded.

[3] Under the FLSA, the statute of limitations is two years. See 29 U.S.C. § 255(a). To allow a three-year limitations period, the plaintiff bears the burden of proving a willful violation by the employer. See Singer v. City of Waco, Tex, 324 F.3d 813 (5th Cir. 2003); Cox v. Brookshire Grocery Co., 919 F.2d 354 (5th Cir. 1990). A violation is willful if the employer either knew or showed reckless disregard for whether its conduct was prohibited by the FLSA. See McLaughlin v. Richland Shoe Co., 486 U.S. 128, 130 (1988). Negligence and unreasonable conduct are not sufficient. Id. at 136. The Supreme Court has characterized "willful" in the FLSA as synonymous with "voluntary," "deliberate," and "intentional." Id. at 133. Courts may not presume willfulness in the absence of supporting evidence. See Fowler v. Incor, 279 Fed. Appx. 590 at *602-03 (10th Cir. 2008) (affirming grant of summary judgment where evidence presented by plaintiff failed to create a triable issue of fact as to whether defendant acted willfully); see also Cox, 919 F.2d at 356. As there is *no evidence* that Dollar General acted willfully, should Defendant have been held liable for misclassifying Plaintiffs, Plaintiffs could only recover damages during a 2-year limitations period. This Court should disregard any damage calculation that attempts to suggest recovery of alleged damages for a period of time prior to a two-year statute of limitations.

[4] Because Defendant acted in good faith in classifying Plaintiffs as exempt employees, the Court would not consider (nor does Plaintiff's damage models include) liquidated damages. Where the employer demonstrates that its alleged misclassification was "in good faith" and that it had "reasonable grounds for believing" it was not in violation of the FLSA, liquidated damages may be refused. 29 U.S.C. § 260; *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968 (6th Cir. 1991). Here, Dollar General has been awarded final judgments finding Store Managers exempt as a matter of law *twelve times* since 2000, eleven times since 2010. See Exhibit C, *Bledsoe v. Dolgencorp, Inc.*, No. 3:99-3761-17 (D.S.C. Oct. 4, 2000) (slip op.); Exhibit D, *King v. Dolgencorp, Inc.*, No. 3:09-CV-00146 (M.D. Pa. May 6, 2010); Exhibit E, *Noble v. Dolgencorp, Inc.*, No. 5:09-cv-49 (S.D. Miss. May 11, 2010); Exhibit F, *Johnson v. DG Retail, LLC*, No. 1:08-CV-123 TS, 2010 U.S. Dist. LEXIS 47416 (D. Utah May 13, 2010); Exhibit G, *Hartman v. Dolgencorp of Texas, Inc.*, No. 6:09-CV-009 (N.D. Tex. June 24, 2010); Exhibit H, *Mayne-Harrison v. Dolgencorp, Inc.*, No. 1:09-CV-00042 (N.D. W.Va. Sept. 17, 2010); Exhibit I, *Roberts v. Dolgencorp, Inc.*, No. 2:09-0005, 2010 U.S. Dist. LEXIS 122682 (M.D. Tenn. Nov. 18, 2010); Exhibit J, *Speak v. Dolgencorp of Texas, Inc.*, No. 3:09-CV-124-F (N.D. Tex. Dec. 28, 2010); Exhibit K, *Brown-Harrison v. Dolgencorp of Texas, Inc.*, No. 3:09-CV-116-F (N.D. Tex. Dec. 28, 2010); Exhibit B, *Ravas-Houllion v. Dolgencorp, Inc.*, No. 4:09-cv-57-BR (E.D.N.C. January 19, 2011), and *Rogers-Andrews v. Dolgencorp, Inc.*, No. 4:09-cv-58-BR (E.D.N.C. January 19, 2011); and Exhibit L, *Leonard v. Dolgencorp, Inc.*, No. 4:10-CV-57-H (W.D.Ky. May 23, 2011). Similarly, Dollar General took affirmative steps in determining whether or not it was properly classifying its Store Managers as exempt employees by conducting a

Exhibit A attached hereto, depending directly on the number of hours per week that each Plaintiff could convince a jury that he or she worked during the appropriate time period.[5]

Thus, the settlements of these cases reflects reasonable compromises of the disputed claims presented in each case. Accordingly, Defendant respectfully requests the Court to approve each individual settlement.

---

survey of its Store Managers to determine what their primary duties were. *See* Defendant's Common Brief in Support of its Individual Motions for Summary Judgment as to all cases at 5, *In Re Dollar General Stores FLSA Litigation.*, No. 5:09-MD-01500-JG (E.D.N.C. May 14, 2010). Accordingly, any analysis of potential damages should not consider "liquidated" damages.

[5] It would not be uncommon for a Plaintiff to allege working between the range of 45–60 hours per week, on average. Thus, Defendant uses these numbers for each of the Plaintiffs, the majority of who never gave sworn testimony as to the number of hours they alleged to have worked. Defendant used the fluctuating work week model. *See* fn 1, *supra*. Exhibit A reflects the range of potential damages for each Plaintiff, based upon each Plaintiff's individual salary level and working 45–60 hours per week for the entire tenure of employment with Dollar General (within the two year statute of limitations period). In light of these figures, the amounts of settlements for each Plaintiff (as reflected by their settlement agreements filed under seal) is reasonable, especially in light of the probability of these cases being resolved on summary judgment if Dollar General had so moved. *See* II. *supra*.

Respectfully submitted this the 3rd day of June, 2011.

/s/ Joel S. Allen
Ronald E. Manthey
TX State Bar No. 12927400
Joel S. Allen
TX State Bar No. 00795069
John D. Bosco
TX State Bar No. 24045533
**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, TX 75201-7347
Tel: 214-466-4000
Fax: 214-466-4001
ron.manthey@morganlewis.com
joel.allen@morganlewis.com
john.bosco@morganlewis.com

Kevin S. Joyner
NC State Bar No. 25605
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
2301 Sugar Bush Road, Suite 600
Raleigh, NC 27612
Tel: 919-787-9700
Fax: 919-783-9412
kevin.joyner@ogletreedeakins.com
LR 83.1 Counsel for Defendants

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record via regular mail on this 3rd day of June, 2011, as follows:

C. Lance Gould
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
272 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

Melissa M. Hensley