IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
5:09-MD-1500
ALL CASES

|  |  |  |
|---|---|---|
| IN RE: DOLLAR GENERAL STORES FLSA LITIGATION | ) ) ) ) ) | **ORDER** |

The remaining 27 cases[1] in this consolidated proceeding come before the court on the joint motion (D.E. 94) of the plaintiffs ("moving plaintiffs")[2] and defendant Dolgencorp, Inc. ("defendant"), the sole remaining defendant[3], to seal permanently the settlement agreements and memoranda submitted in support of their joint motion for approval of the settlement agreements or, in the alternative, to seal such documents for two years. For the reasons set forth below, the motion will be allowed in part and denied in part.

## BACKGROUND

In these consolidated actions, plaintiffs assert claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") against defendant arising from their employment. The cases were originally filed in the United States District Court for the Northern District of Alabama as a

---

[1] The plaintiffs in these cases are: Melvin Andrews, Larry Ballard, Wanda Basnight, Delphine Boone, Thomas Boos, Donald Civils, Dawn MiMascio, Brenda Dixon, Tony Draughon, Allen Faircloth, Sharon Goodwin, Tonya Gore, Naomi Grabowski, Shelia Harper, Rose Herring, Bernis Holmes, Sandra Hunt, Shirley Kelly-Savage, Harold Leigh, Valerie Mack, Carmen Ortiz, Kenneth Price, Barbara Simmons, Patricia Sparks, Deborah Suggs, Peggy Van Ostran, and Tasha Whitfield. At the time the motion was filed, there were three other cases not subject to settlement agreements but they have been since been dismissed through summary judgment or by stipulation. *Ravas-Houillon v. Dolgencorp, Inc.*, No. 4:09-CV-57-BR (dismissed via summary judgment; *see* D.E. 59, 60); *Rogers-Andrews v. Dolgencorp, Inc.*, No. 4:09-CV-58-BR (dismissed via summary judgment; *see* D.E. 59, 62); *Watts v. Dolgencorp, Inc.*, No. 7:09-CV-53-FL (dismissed by stipulation with prejudice; *see* D.E. 52, 56).

[2] All citations to docket entry numbers in this Memorandum and Recommendation are to those in the master docket for these consolidated cases, not the dockets in individual cases.

[3] By stipulation in each case, the parties agreed that Dolgencorp, Inc. is the proper party defendant and that other related entities that had been named as defendants no longer are defendants. (*See, e.g.*, Notice of Stipulation (D.E. 24), *Andrews v. Dolgencorp, Inc.*, No. 4:09-CV-51-BR (E.D.N.C.)).

collective action, but were later decertified and transferred to the Eastern District of North Carolina. Each plaintiff contends that he or she was misclassified by defendant as an "exempt" employee and worked more than 40 hours in a workweek without overtime pay. Plaintiffs seek unpaid overtime compensation, liquidated damages, attorneys' fees, and costs. Defendant generally denies each plaintiff's material allegations.

The moving plaintiffs and defendant have agreed to settle the individual lawsuits against defendant and moved the court for approval of those settlements. (*See* D.E. 51). Pursuant to an order entered 20 May 2011 (D.E. 67), the parties filed copies of the individual settlement agreements themselves (D.E. 70 to 73, 75 to 93, 95 to 99). Each settlement agreement is accompanied by a memorandum by defendant (*e.g.*, D.E. 70-1) detailing the reasons why it believes the settlement should be approved. Attached to each memorandum is a copy of a chart (*e.g.*, D.E. 70-2) showing for each of the moving plaintiffs the range of their potential recovery using the damages calculation method defendant advocates and copies of eleven opinions (*e.g.*, D.E. 70-3 to -13) from this and other courts in cases comparable to the instant cases in which summary judgment was granted against the plaintiffs.

Also in accordance with the 20 May 2011 order, the parties filed a joint memorandum (D.E. 74) supporting approval of the settlements as a group. Attached to this memorandum is a chart (D.E. 74-2) showing the potential recovery by the moving plaintiffs using the method of damages calculation they advocate. Also attached are the following materials: a chart showing for each case the fees and expenses allegedly incurred by the moving plaintiffs' attorneys (D.E. 74-3); a summary chart ("summary chart") (D.E. 74-8) showing for each case the fees and expenses requested by the moving plaintiffs' counsel as well as the settlement amount to be received by each moving plaintiff;

2

a time log for moving plaintiffs' attorney C. Lance Gould ("Gould") and others at his firm (D.E. 74-4) for work and expenses incurred in the cases at issue (representing the vast majority of fees and expenses incurred) and a supporting affidavit by Gould (D.E. 74-5); and a time log for moving plaintiffs' attorney Roman A. Shaul ("Shaul") (D.E. 74-6) for work and expenses incurred in the cases at issue and a supporting affidavit by Shaul (D.E. 74-7).

The documents filed in response to the 20 May 2011 order were filed under temporary seal. By the instant motion, the parties seek to maintain those materials under permanent seal or, alternatively, for two years.

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Id.* Here, the material sought to be sealed include the settlement documents between the parties and the right of access at issue arises under the common law. *Baker v. Dolgencorp, Inc.*, No. 2:10cv199, 2011 WL 166257, at *2 (E.D. Va. 19 Jan. 2011) ("It is undisputed that an FLSA settlement agreement, submitted to a court for judicial approval, is a judicial record that triggers the common law right of public access.")

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The presumption "'can be rebutted if countervailing interests heavily

3

outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

Special considerations arise from the settlement agreements at issue in this litigation because the claims are asserted pursuant to the FLSA. Unlike in most cases, under the FLSA "there is a judicial prohibition against the unsupervised waiver or settlement of claims." *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114-16 (1946)); *accord Howell v. Dolgencorp, Inc.*, No. 2:09-CV-41, 2011 WL 121912, at *1 (N.D. W. Va. 13 Jan. 2011) ("[C]laims for unpaid wages arising under the FLSA may be settled or compromised only with the approval of the District Court or the Secretary of Labor."); *Hoffman v. First Student, Inc.*, No. WDQ-06-2882, 2010 WL 1176641, at *2 (D. Md. 23 Mar. 2010) ("FLSA settlements also must be approved by the court."). Court review of FLSA settlements is required to ensure fairness to the parties. *Lopez v. NTI, LLC*, No. DKC 08-1579, 2010 WL 3703287, at *4 (D. Md. 16 Sept. 2010) ("Courts have consistently recognized that judicially supervised FLSA settlements rest on a different footing than privately orchestrated ones, such that judicially supervised settlements may resolve–in some circumstances–genuine disputes for less than 'full value.'"). As a result, "the public has an interest in determining whether the Court is properly fulfilling its duties

4

when it approves an FLSA settlement," an interest which is not present in most other private settlements between parties. *Baker*, 2011 WL 166257, at *2.

Here, the parties seek the sealing of the aforementioned documents because they contend that maintaining them under permanent seal will facilitate continued settlement negotiations in other pending cases. The parties also contend that sealing the information at issue is needed to preserve the agreed-upon confidentiality that was a critical part of their settlement terms. The need for confidentiality extends not only to the settlement agreements themselves, but the memoranda and exhibits that are not already of public record that contain information on settlement terms and strategies.

Based on this showing, the court finds that the presumption of access has been overcome but on a limited basis. As detailed below, the sealing must be limited in time. Further, the court opinions attached to the memoranda are already public records and are not entitled to be held any further under seal.

In addition to the foregoing considerations, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Here, the motion was filed on 3 June 2011. No opposition to this motion has been filed by any party or non-party despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as described, the documents in question contain confidential information for which temporary sealing would allow meaningful settlement negotiations to

continue, the court finds that a shorter time period to maintain the secrecy of the documents is warranted. It therefore will follow other courts that have permitted documents of this type to remain under seal for a period of two years. *See Taylor v. Dolgencorp, Inc.*, No. 1:09cv2, 2011 WL 1626557, at * 2 (W.D. Va. 28 Apr. 2011) (allowing FLSA settlement agreements and supporting materials to remain under seal for two years in order to facilitate negotiations in other pending cases).

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the joint motion to seal (D.E. 94) is ALLOWED IN PART and DENIED IN PART on the following terms:

1. the Clerk shall retain the filings at the following Docket Entries under temporary seal in accordance with Local Civil Rule 79.2, E.D.N.C., for a time period of two years from today:

    a. D.E. 74 and D.E. 74-1 to -8;

    b. D.E. 70 to 73, 75 to 93, 95 to 99;

    c. the first two exhibits accompanying each D.E. 70 to 73, 75 to 93, 95 to 99 (for example, with reference to D.E. 70, D.E. 70-1 and -2); and

2. the Clerk shall unseal the third through thirteen exhibit accompanying each D.E. 70 to 73, 75 to 93, 95 to 99 (for example, with reference to D.E. 70, D.E. 70-3 to -13).

SO ORDERED, this 22 day of August 2011.

James E. Gates
United States Magistrate Judge