IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
5:09-MD-1500
4:09-CV-57-BR
4:09-CV-58-BR

|  |  |  |
|---|---|---|
| IN RE: DOLLAR GENERAL STORES FLSA LITIGATION | ) ) ) ) | **ORDER** |

These cases come before the court on two renewed[1] motions by defendant Dolgencorp, Inc. ("defendant") (D.E. 63, 65)[2] to permanently seal information filed in connection with motions for summary judgment. The motions are supported by memoranda of law. (D.E. 64, 66). The motions are unopposed. The documents that defendant seeks to have permanently sealed include defendant's standard operating procedures, bonus plan documents, store manager job descriptions, trial testimony and declarations of defendant's employees, human resources forms, surveys, store reports, employee performance evaluations, store manager training materials, and store mail from defendant's corporate office. For the reasons set forth below, the motions will be allowed.

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must first determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988).

---

[1] Defendant's motions are renewed motions because they reassert motions to seal (D.E. 24, 27, 31) previously denied by the court without prejudice in an order of 19 January 2011 (D.E. 59) that permitted defendant to refile the motions in compliance with Local Civil Rule 79.2, E.D.N.C. All docket entry citations in this order are to the Master Docket.

[2] The motion filed at D.E. 63 relates to the individual case of *Rogers-Andrews v. Dolgencorp*, 4:09-CV-58-BR, and seeks to seal documents appearing at D.E. 26, 30, and 36. The motion to seal filed at D.E. 65 relates to the individual case of *Ravas-Houllion v. Dolgencorp*, 4:09-CV-57-BR, and seeks to seal documents appearing at D.E. 23 in addition to those at D.E. 26 and 36.

The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended only to certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Id.* Here, as noted, the documents sought to be sealed have been filed in connection with or relate to a motion that seeks dispositive relief, and therefore the right of access at issue arises under the First Amendment. *Rushford v. New Yorker Magazine*, 846 F.2d 249, 252-53 (4th Cir. 1988); *Scenera Research LLC v. Morris*, No. 5:09CV412FL, 2011 WL 666284, at *1-2 (E.D.N.C. 14 Feb. 2011) ("Because the documents sought to be sealed are related to dispositive motions, they are subject to a First Amendment right of access by the public.") (citing *Rushford*, 846 F.2d at 253)).

While the presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court, "[w]hen the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The burden of establishing the showing necessary to overcome a First Amendment right of access falls upon the party seeking to keep the information sealed. *Id.* Specific reasons must be presented to justify restricting access to the information. *Id.* (citing *Press-Enterprise Co. v. Superior Court*, 478 U.S.1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion")).

Here, defendant has demonstrated that the documents in question contain non-public, highly confidential and proprietary commercial information, including information relating to non-parties, proprietary training materials, employee compensation systems, and its competitive efforts in the marketplace, information which is of utmost importance to it but not generally available to the public

or bearing importance to any public matters. Based on this showing, the court finds that the presumption of access has been overcome with respect to the documents proposed to be sealed. *Woven Elec. Corp. v. Advance Group, Inc.*, 930 F.2d 913 (Table), 1991 WL 54118, at *6 (4th Cir. 6 May 1991) (holding that district court could have closed courtroom and sealed trial record to protect trade secrets); *ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, __ F. Supp. 2d ___, 2011 WL 2728359, at *7 (M.D.N.C. 12 Jul. 2011) (allowing motion to seal where parties contended that disclosure would provide direct competitors with confidential personal contacts and customer information, give "a competitive advantage to direct competitors in the industry," and cause "economic harm and unnecessary burden"); *Level 3 Communications, LLC v. Limelight Networks, Inc.,* 611 F. Supp. 2d 572, 581-82 (E.D. Va. 2009) ("[M]any courts have considered the trade secret status of testimony or materials submitted to a court a significant private interest to be weighed against the common law, or even the First Amendment, right of public access that would otherwise apply to them.").

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Here, the motions were filed on 1 February 2011. No opposition to the motions to seal have been filed by any non-party despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *In re Knight Publishing Co.*, 743 F.2d at 235; *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) ("Accordingly, before a district court may seal any court documents, we

3

held that it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives."). As described, the documents in question contain confidential business information not generally available to the public. Moreover, these documents were not critical to the court's order allowing summary judgment, an order which was publicly filed. Accordingly, the court finds that alternatives to sealing do not exist at the present time. Defendant's motions for permanent sealing will be allowed and the documents subject to them will be permanently sealed in accordance with Local Civil Rule 79.2, E.D.N.C.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that:

1. Defendant's motions (D.E. 63, 65) for permanent sealing are ALLOWED; and

2. The documents at D.E. 23, 26, 30, and 36 shall be PERMANENTLY SEALED in accordance with Local Civil Rule 79.2(b).

SO ORDERED, this 23rd day of August 2011.

_____
James E. Gates
United States Magistrate Judge